UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 16-56000

GWENDOLYN E MINGO, *pro se*,  Chapter 13

          Debtor.  Judge Thomas J. Tucker

_____/

**OPINION AND ORDER DENYING DEBTOR'S MOTION TO VOID LIEN**

The case is before the Court on the Debtor's Motion entitled "Motion for the Court to Void Lien," filed on June 9, 2017 (Docket # 68, the "Motion"). The Motion seeks to void a lien based at least in part on 11 U.S.C. § 522(f), and more specifically, it appears that Debtor seeks to void the lien under 11 U.S.C. § 522(f)(1)(A). That section only permits avoidance of a "judicial lien," which term is defined in 11 U.S.C. § 101(36).[1] But the Motion fails to identify any lien or claimed lien that is a 'judicial lien" as that term is used in 11 U.S.C. §§ 522(f)(1)(A) and 101(36). The lien that Debtor seeks to void is a mortgage on her residence located at 269-71 Watson Street, Detroit, MI 48201, but a mortgage is not a "judicial lien" and therefore is not voidable under § 522(f)(1)(A). *See* William Houston Brown, Lawrence R. Ahern, III, & Nancy Fraas MacLean, Bankr. Exemption Manual § 6:2 The Debtor's Power to Avoid Liens on Exempt Property—Section 522(f) (June 2017 Update) ("[T]he phrase 'judicial lien' does not include a consensual lien, such as a mortgage, and section 522(f)(2)(C) specifically clarifies that judgments authorizing the sale of mortgaged property in judicial foreclosure states are not 'judicial liens,' subject to avoidance under section 522(f)(1)(A)."); *cf. In re Pace*, No. 16–8036, 2017 WL 2644630, at *7 (B.A.P. 6th Cir. June 20, 2017) (stating that "Congress used §522(f)(2)(C) to

---

[1] "The term 'judicial lien' means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36).

contrast mortgage foreclosure judgments from liens which are avoidable under § 522(f), clarifying that the entry of a foreclosure judgment does not convert the underlying consensual mortgage into a judicial lien which may be avoided" and that "[m]ortgage foreclosure judgments do not become judicial liens subject to avoidance under § 522"); *Nichols v. BJ Fox Enterprises, Inc. (In re Nichols),* 265 B.R. 831, 834-35 (B.A.P. 10th Cir. 2001) (holding that a creditor's "security interest [(a mortgage) was] not transformed into a judicial lien as a result of the state court's foreclosure decree"). So there is no basis on which the Court could void any lien or claimed lien described in the Motion under § 522(f)(1)(A).

And to the extent the Motion seeks to void a lien under any other basis in law, such relief can only be obtained by filing an adversary proceeding, under Fed. R. Bankr. P. 7001(2).[2] (The only exception to that is an action seeking to void a lien under § 522(f), which may be brought "by a motion in the manner provided by Rule 9014." *See* Fed. R. Bankr. P. 4003(d); *see also* Fed. R. Bankr. P. 7001(2) (referencing Fed. R. Bankr. P. 4003(d)).)

The Court notes that the Debtor did bring an adversary proceeding, No. 17-4257, but that was dismissed.

Accordingly,

IT IS ORDERED that the Motion (Docket # 68) is denied.

---

[2] Fed. R. Bankr. P. 7001(2) provides, in relevant part:

> The following are adversary proceedings:
> . . .
>> (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);

Signed on June 26, 2017               /s/ Thomas J. Tucker
                                      **Thomas J. Tucker**
                                      **United States Bankruptcy Judge**